Richard B. Teitelman, Judge,
dissenting
A central issue in this case is whether Mr. Flowers, as the sole owner, director and officer of Missouri Hardwood Charcoal, Inc., was acting as an “employer” when he directed employees to lean the kiln doors upright. If Mr. Flowers was acting as an employer, there is no insurance coverage. If, however, Mr. Flowers was acting in his capacity as a corporate officer or director, then he is an “insured” and there may be coverage. The principal *798 opinion holds that there is no coverage because the plaintiffs did not state a claim against Mr. Flowers apart from his capacity as an agent of the employer. I respectfully dissent from this holding because it acknowledges that Mr. Flowers’ company is the employer while assuming that Mr. Flowers’ instructions to company employees are beyond the undefined duties of a corporate officer or director.
The insurance policies at issue provide that an executive officer is an “insured” with respect to their duties as officers or directors. Both policies then exclude coverage for injuries to employees arising out of employment by the insured. The insurance policies do not define Mr. Flowers’ duties as the president, sole officer and director of the company. Mr. Flowers’ duties are defined by the corporate bylaws. The bylaws provide that Mr. Flowers, as the company president, “shall be the principal executive officer of the corporation and shall be in general control and manage the property and business of the corporation.” This language does not establish conclusively that Mr. Flowers was acting beyond the scope of his duties as an officer or director when he allegedly directed company employees to lean the doors upright. To the contrary, it is plausible to conclude that Mr. Flowers was specifically acting within his defined role as a corporate officer by attempting to “control and manage the property and business of the corporation” when he directed company employees to lean the kiln door upright. The ambiguity should be construed against the insurer and in favor of coverage. See Martin v. United States Fid. & Guar. Co., 996 S.W.2d 506, 510 (Mo. banc 1999).
The plaintiffs also allege sufficient facts to prevent summary judgment regarding application of the employee exclusion. The allegation that Mr. Flowers implemented and enforced a policy requiring the kiln doors to be propped against walls is sufficient to establish the existence of an extremely dangerous condition sufficient to establish a personal duty of care owed to Ms. Nunley apart from any co-employee relationship. I would reverse the summary judgment in favor of ILM and remand the case for further proceedings.